UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILIP LEWIS,                    :
                                 :    NO. 1:10-CV-00108
        Plaintiff,               :
                                 :
    v.                           :    **OPINION & ORDER**
                                 :
WILLIAM TAYLOR, et al.,          :
                                 :
        Defendants.              :

        This matter is before the Court on Defendants' Motion to
Dismiss Plaintiff's Claim under Section 1981 of the Civil Rights
Act of 1866, 42 U.S.C. § 1981 (doc. 11), Plaintiff's opposition
thereto (doc. 14) and Defendants' reply in support thereof (doc.
15).  For the following reasons, the Court DENIES Defendants'
motion (doc. 11).

**I.   Background**

        In August 2007, Plaintiff was contacted by Defendants to
see about his interest in leaving his then-current position at
State Farm Insurance Co. to become a district manager at Defendant
Farmers Insurance Group (doc. 8).  Plaintiff had been with State
Farm for three years at that time and had worked in the insurance
industry for ten years, including three years previously for
Defendant Farmers (Id.).  In September 2007, Plaintiff had two
separate interviews with representatives of Defendant Farmers, at
each of which Plaintiff disclosed that he had a misdemeanor
conviction dating back to 1991, he described the context of the
conviction, and asked whether it would be an impediment to a career

at Farmers (<u>Id</u>.).  He was told it would not be (<u>Id</u>.).  In addition, he noted that conviction on the job application he submitted to Defendants (<u>Id</u>.).  Plaintiff was then offered a position of reserve district manager that would lead to a district manager position after a training period, which position would allow him to earn significantly more money than he earned at State Farm (<u>Id</u>.). Plaintiff then resigned from State Farm and started as a licensed representative for Farmers (<u>Id</u>.).

In order to become a reserve district manager, Plaintiff was required to submit an internal company application to have his Series 6 financial services license registered with Farmers (<u>Id</u>.). In June 2008, Plaintiff was informed that this application was rejected solely because of the 1991 misdemeanor conviction (<u>Id</u>.). Because he could not then serve as a reserve district manager, Plaintiff's employment was terminated effective July 1, 2008 (<u>Id</u>.).

Plaintiff filed the instant action, alleging that Defendants terminated his employment because he is African American, thus violating the Civil Rights Act of 1866, 42 U.S.C. § 1981 (<u>Id</u>.).  To support this claim, Plaintiff contends that "[o]n information and belief, Farmers Insurance has hired and retained non-black managers who have been convicted of similar, or more serious, offenses" (<u>Id</u>.).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the complaint on the basis that

2

Plaintiff has failed to state a claim for relief (doc. 11), which motion is ripe for the Court's consideration.

## II.  The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible.  Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly, Pleading Rules, and the Regulation of Court Access*, 94 IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible

3

when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

4

>[W]e are not holding the pleader to an impossibly high
>standard; we recognize the policies behind Rule 8 and the
>concept of notice pleading.   A plaintiff will not be
>thrown out of court for failing to plead facts in support
>of every arcane element of his claim.   But when a
>complaint omits facts that, if they existed, would
>clearly dominate the case, it seems fair to assume that
>those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

## III.  Discussion

Defendants contend that the sole allegation Plaintiff presents in support of his racial discrimination claim is that, upon information and belief, Farmers has hired and retained non-black managers who have the same or more serious records (doc. 11). This statement, Defendants argue, fails to meet basic pleading requirements because it does not set forth any facts demonstrating racial discrimination and that "upon information and belief" means that Plaintiff has no actual facts to support his claim and is attempting to engage in a fishing expedition (Id., citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

Plaintiff, on the other hand, notes that the Court is required, at the motion to dismiss stage, to accept all factual allegations as true (doc. 14, citing Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)).  He argues that if the Court accepts as true his statement that Defendants have hired or retained non-black managers with records similar to or

worse than his then the complaint meets the <u>Iqbal</u>/<u>Twombly</u> standard because such a fact, with the other facts in the complaint, allows for a plausible inference of a Section 1981 violation (doc. 14). In addition, Plaintiff directs the Court to the transcript of proceedings before District Court Judge Shadur in <u>Madison v. City of Chicago</u>, in which Judge Shadur noted that defendants often attempt to use Iqbal and Twombly as "a kind of universal 'get out of jail free' card" and that defendants often over-read those cases (<u>Id</u>.).

The Court is persuaded by Judge Shadur's reasoning regarding <u>Iqbal</u> and <u>Twombly</u>. There is no question but that <u>Iqbal</u> and <u>Twombly</u> did away with <u>Conley</u>'s "no set of facts" language, but defendants have seized upon these cases and, as here, contend that they stand for the proposition that a plaintiff must essentially present a fully developed factual record in his complaint. This is, indeed, an over-reading of the cases. The federal rules still provide for notice pleading, not fact pleading, and <u>Iqbal</u> and <u>Twombly</u> did not rewrite the rules. What <u>Iqbal</u> and <u>Twombly</u> do require is that plaintiffs provide factual allegations from which a court may plausibly infer a cause of action. Where <u>Conley</u> allowed for a wider no-set-of-facts possibility standard, <u>Iqbal</u> and <u>Twombly</u> slightly narrowed the field to complaints that set forth plausible, not merely possible, claims. This is a difference in degree not kind. Plaintiff here is right: if the Court were to

require him to have all evidence available to him before he files his complaint, the well-established rules and processes of discovery would be rendered utterly unnecessary. Evidentiary support is simply not necessary at this stage in the proceedings, and the Court does not read <u>Iqbal</u> and <u>Twombly</u> to impose that requirement on plaintiffs. Defendants here have cast Plaintiff's statement that they have retained non-blacks with similar or worse records as a conclusory statement, but a "complaint's failure to provide evidentiary support for its allegations does not make them conclusory. An allegation is impermissibly conclusory when it is necessary to establish a viable claim but fails to identify a tangible, real-world act or event." Adam N. Steinman, <u>The Pleading Problem</u>, 62 STANFORD L. REV. 1293, 1339 (2010). Plaintiff's allegation that Defendants have retained or hired others with similar or worse records identifies a "tangible, real-world act," and it is thus not impermissibly conclusory.

The Court does not see a fishing expedition here. Plaintiff has clearly circumscribed the scope of discovery to, in relevant part, files, including information regarding criminal backgrounds, of Defendants' managers. This is not a case where a plaintiff is casting about for any type of claim. Instead, Plaintiff has alleged that Defendant violated his right to contract because of his race, and, if the Court accepts as true the allegation that Defendant has hired or retained non-blacks with

similar or worse criminal records, he has set forth sufficient factual allegations from which the Court may plausibly infer such a violation.

**V.   Conclusion**

      For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (doc. 11).


SO ORDERED.

Dated: September 21, 2010      /s/ S. Arthur Spiegel

                                       S. Arthur Spiegel
                                       United States Senior District Judge